UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

FILED
AUG 01 2014
CLERK

UNITED STATES OF AMERICA,

Plaintiff,

vs.

JOSEPH ANTHONY LITTLE STAR,

Defendant.

CR 13-30129-RAL

OPINION AND ORDER DENYING GOVERNMENT'S REQUEST FOR RESTITUTION

## I. INTRODUCTION

This Court held a sentencing hearing on March 3, 2014, at which it left open the Government's request for restitution and asked the parties for supplemental briefing. This Court now denies the Government's request for restitution.

## II. BACKGROUND

Defendant Joseph Anthony Little Star (Little Star) pleaded guilty to Assault Resulting in Serious Bodily Injury in violation of 18 U.S.C. § 113(a)(6) for assaulting a minor with the initials G.B.Y.C. on the Cheyenne River Sioux Indian Reservation. Doc. 30 at 2; Doc. 32. Because of his injuries from the assault, G.B.Y.C. was transferred by air ambulance from a local emergency room to Rapid City Regional Hospital in Rapid City, South Dakota. Doc. 32 at 2; Pre-Sentence Investigation Report (PSR) at ¶¶ 14-15. From Rapid City, G.B.Y.C. was transferred to a facility in Billings, Montana, and finally to a long term rehabilitation facility in Omaha, Nebraska. Doc. 50 at 1-2; PSR at ¶¶ 14, 15.

Restitution was mandatory under the Mandatory Victims Restitution Act (MVRA), 18 U.S.C. § 3663A. The Government did not request restitution for G.B.Y.C.'s medical bills, which are covered through Medicaid, and did not request restitution for G.B.Y.C. otherwise. The

Government instead requested restitution for G.B.Y.C.'s mother, Michelle Wolf (Wolf). Doc. 50 at 1. The Government seeks reimbursement for Wolf for different types of expenses: (1) the income lost by Wolf when she traveled to visit her son in the various health care facilities; and (2) the cost of Wolf's mileage, food, and lodging for those trips. Doc. 50 at 1-2.

After the sentencing hearing, the parties submitted additional briefing. Docs. 50, 51. After the parties' briefing concluded, the National Crime Victim Law Institute (NCVLRI) filed a brief *amicus curiae*, Doc. 52, requesting that this Court *sua sponte* raise the issue of restitution for G.B.Y.C.'s lost past income and lost future income.

**III. DISCUSSION**

**A. Restitution Under the MVRA**

Federal courts have no inherent authority to order restitution. United States v. Balentine, 569 F.3d 801, 802 (8th Cir. 2009). This Court therefore "may order restitution only when explicitly empowered to do so by statute." United States v. Doering, No. 13-2564, 2014 WL 3456802, at *3 (8th Cir. July 16, 2014) (quoting United States v. Yielding, 657 F.3d 688, 718 (8th Cir. 2011)). The MVRA provides that "when sentencing a defendant convicted of an offense described in subsection ©, the court shall order . . . that the defendant make restitution to the victim of the offense or, if the victim is deceased, to the victim's estate." 18 U.S.C. § 3663A(a)(1). Subsection © includes any offense deemed a "crime of violence[.]" 18 U.S.C. § 3663A(c)(1)(A)(I). A "victim" under the MVRA is defined as "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered." United States v. Schmidt, 675 F.3d 1164, 1167 (8th Cir. 2012) (quoting 18 U.S.C. § 3663A(a)(2)). Little Star does not deny that his assault on G.B.Y.C. amounts to a "crime of

violence" for MVRA purposes.

Congress granted federal courts the ability to order restitution to reimburse a person for only the expenses enumerated in section 3663A(b). United States v. Maynard, 743 F.3d 374, 378-79 (2d Cir. 2014) ("The decisive issue on this appeal is whether expenses other than those enumerated in § 3663A(b) are compensable under the MVRA. We conclude they are not."); see also United States v. Abdelbary, 746 F.3d 570, 575 (4th Cir. 2014) ("Section 3663A(b) . . . specifically identifies the types of losses includable in a restitution award under the MVRA."). Thus, when the offense involves bodily injury to a victim, the court can order the defendant to

> (A) pay an amount equal to the cost of necessary medical and related professional services and devices relating to physical, psychiatric, and psychological care, including nonmedical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;
> (B) pay an amount equal to the cost of necessary physical and occupational therapy and rehabilitation; and
> © reimburse the victim for income lost by such victim as a result of such offense.

18 U.S.C. § 3663A(b)(2)(A-C); see also United States v. Wilfong, 551 F.3d 1182, 1183 (10th Cir. 2008) ("In cases where there is bodily injury to a victim, the statute allows for restitution for the costs of medical care, occupational therapy, and for income lost by such victim as a result of such offense."); United States v. Oslund, 453 F.3d 1048, 1062 (8th Cir. 2006) ("When an offense causes bodily harm to a victim, restitution must be ordered for medical or psychological treatment, costs of therapy and rehabilitation, and income lost by such victim as a result of such offense.") (internal quotation marks omitted). In addition to these categories of expenses, the court "in any case" can "reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or

prosecution of the offense or attendance at proceedings related to the offense." 18 U.S.C. § 3663A(b)(4).

Third parties may be reimbursed for expenses under the MVRA in certain circumstances. The court shall order restitution paid to someone other than the victim if agreed to by the parties in a plea agreement. 18 U.S.C. § 3663A(a)(3). When a third party who is not a victim provides compensation to a victim to cover a compensable loss by that victim, section 3664(j)(1) provides that the court shall grant the third party restitution for the costs spent on the victim's behalf. See e.g., Schmidt, 675 F.3d at 1169 (holding that the State of South Dakota was entitled to restitution for money it spent treating a victim of an assault) (citing 18 U.S.C. §§ 3663A(b)(2)(A), 3664(j)(1)). When the victim is under 18 years old and suffers a compensable loss, section 3663A(a)(2) permits the minor's legal guardian to "assume the victim's rights," 18 U.S.C. § 3663A(a)(2), and the court can order the defendant to pay "the restitution owed *to the victim*" directly to the victim's legal guardian, United States v. Wilcox, 487 F.3d 1163, 1177 (8th Cir. 2007). Section 3663A(a)(2), however, "does not allow the legal guardian to substitute her own losses for those of the victim." Id.

**B. Reimbursement for Wolf**

The Government requests restitution for income lost by Wolf during trips to see G.B.Y.C. in health care facilities in Rapid City, Billings, and Omaha. This request is governed by section 3663A(b)(2)© and was addressed by the United States Court of Appeals for the Eighth Circuit in Wilcox, 487 F.3d 1163. In Wilcox, a minor child was the victim of an MVRA-covered crime of violence that caused the child to suffer bodily injury. Id. at 1169, 1176-77. The district court awarded restitution to the child's mother for income the mother lost as a result of the offense

under § 3663A(b)(2)©. Id. The Eighth Circuit reversed the restitution award of the mother's lost wages. Id. at 1177. The Eighth Circuit reasoned:

> While the statute defines "victim" as "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered," *id.* § 3663A(a)(2), the subsection concerning reimbursement for lost income refers to a specific victim: "[I]n the case of an offense resulting in bodily injury *to a victim* . . . [the defendant shall] reimburse *the victim* for income lost *by such victim* as result of such offense." 18 U.S.C. § 3663A(b)(2)© (emphases added). The use of the definite article indicates that "*the* victim" who may be reimbursed is the victim described at the beginning of the subsection—that is, the victim who suffered bodily injury.

Id. at 1176. Because the minor child, and not the mother, was "the victim" who suffered bodily injury, the mother could not be a victim entitled to reimbursement for her lost income under section 3663A(b)(2)© as interpreted in Wilcox. Id. at 1176-77. Restitution for lost income under section 3663A(b)(2)© may only be awarded for income lost by the victim who suffered bodily injury—that is, G.B.Y.C. Wolf is not entitled to compensation for the income she lost as the parent of the injured victim under section 3663A(b)(2)©.

The Government cited to United States v. Hayward, 359 F.3d 631 (3d Cir. 2004), in an attempt to distinguish Wilcox. Hayward did not involve a request for lost income by a parent under section 3663A(b)(2)©. See 359 F.3d at 642. The restitution requests by parents in Hayward were based on sections 3663A(a)(2) and 3663A(b)(4) for the expense to fly the children home from the place where the crime occurred. See id. (noting that "a parent may assume a child's restitution rights"). The United States Court of Appeals for the Third Circuit in Hayward held that the parents were entitled to assume the children's restitution rights and obtain reimbursement for the transportation costs spent on behalf of the children under section

3663A(b)(4) for making their children available to participate in the investigation and trial. Id. The Third Circuit thus upheld the restitution award "to [the defendant's] victims and their parents . . . ." Id. at 635.

The Government also cites to United States v. Evers, 669 F.3d 645 (6th Cir. 2012), to argue that Wolf should receive restitution under the MVRA. Doc. 50 at 4. Evers, however, did not involve the MVRA. 669 F.3d at 656 n.3. In Evers, the United States Court of Appeals for the Sixth Circuit upheld a restitution award to a victim's legal guardian for the guardian's lost wages under the Mandatory Restitution for Sexual Exploitation of Children Act, 18 U.S.C. § 2259. Id. at 654-55. That statute defines "victim" differently than does the MVRA. See id. at 655. The Sixth Circuit observed that it may not have awarded lost wages to the guardian under the "differently worded [MVRA]" and that "[o]ne court"—that being the Eighth Circuit in Wilcox—"has interpreted [MVRA] provisions as precluding restitution to the victim's mother for her lost income, reasoning that because only the minor child suffered bodily injury, the mother was not a 'victim' who may be reimbursed for lost income." Id. at 656 n.3 (citing Wilcox, 487 F.3d at 1177).

This Court is sympathetic to Wolf and to her restitution request. She missed work to be with her son who at the time of sentencing was still struggling to recover from his extensive injuries. Nevertheless, the MVRA's text and the Eighth Circuit's decision in Wilcox preclude restitution for Wolf's lost income under section 3663A(b)(2)©.

The Government also seeks restitution to Wolf for her mileage, lodging, and meals to pay for her trips to visit G.B.Y.C. in Rapid City, Billings, and Omaha. Doc. 50 at 1. Wilcox could be read narrowly to apply to the determination of who is a "victim" under section 3663A(b)(2)©

involving lost income. See 487 F.3d at 1176-77. Thus, there is a legitimate disagreement over whether Wolf might be a "victim" under the separate section 3663A(a)(2). Other cases have concluded family members who are uninjured are still victims, albeit in different circumstances. See United States v. Checora, 175 F.3d 782, 795 (10th Cir. 1999) (holding that murder victim's children are victims within meaning of the MVRA because "[t]hey have been directly and proximately harmed as a result of their father's death because they lost, among other things, a source of financial support"); cf. United States v. Juvenile Female, 296 F. App'x 547, 550 (9th Cir. 2008) (Berzon, J., dissenting) (dissenting from determination under the MVRA that the mother of an assault victim was herself a victim arguing that the mother's harm was indirect and the MVRA "does not, in my view, contemplate that adult relatives of victims *automatically* become victims themselves for restitution purposes" for the "obvious reason" that the MVRA limits restitution to "those 'directly harmed'"); United States v. Hunter, No. 2:07CR307DAK, 2008 WL 53125, at *4 (D. Utah Jan. 3, 2008) (distinguishing Checora in determining whether parents could be victims because the parents did not receive income from their daughter who was the injured victim).

Ultimately, this Court need not determine whether Wolf is a "victim" under section 3663A(a)(2) because the Government's request is not for compensable categories of expenditures under section 3663A(b). See Maynard, 743 F.3d at 378-79. A federal court must be "explicitly empowered . . . by statute" to order restitution. Doering, 2014 WL 3456802, at *3 (quoting Yielding, 657 F.3d at 718). The statute under which the Government seeks restitution—the MVRA—provides that in cases involving bodily injury, restitution is permitted for costs from medical or psychological treatment, rehabilitation and therapy, and lost income by the victim

who suffered the injury. Oslund, 453 F.3d at 1062. Those three categories, as well as the category under section 3663A(b)(4) which applies in any case under the MVRA, are the only categories for which this Court is permitted to award restitution in this case. Maynard, 743 F.3d 378-79. The Government bears the burden to prove the entitlement to restitution by a preponderance of the evidence, United States v. Archer, 671 F.3d 149, 173 (2d Cir. 2011), yet it does not explain under which of these categories Wolf's request falls nor offer any evidence that the request is proper under any of the compensable categories. The Government does not argue that G.B.Y.C. is entitled to restitution and that Wolf, as his mother, is entitled to assume his rights. See 18 U.S.C. § 3664(a)(2). Nor does the Government argue that Wolf's mileage, lodging, and food were expended on behalf of her son's treatment such that she is entitled to restitution as the person who provided compensation to the victim for a covered loss. 18 U.S.C. § 3664(j)(1); Cf. United States v. Tsosie, 639 F.3d 1213, 1220-21 (9th Cir. 2011) (holding restitution award under 18 U.S.C. § 2248 could be proper for a mother's trips to see her victimized daughter if the trips were part of a treatment plan outlined by health care specialist). The Government at one point wrote that the trips were "required," but it did not explain who required them or why they were required. Doc. 50 at 1. This Court is not empowered to grant Wolf's request for costs associated with trips to visit her son, even if she were in a fact a "victim" under section 3663A(a)(2).

The Government argues that this Court can grant Wolf restitution for the costs associated with her trips for the same reasons that the Eighth Circuit in Wilcox permitted restitution to the victim's mother for money spent transporting the victim to treatment services. Doc. 50 at 6-7. The mother in Wilcox was entitled to restitution because she spent money to transport her

daughter to "treatment." 487 F.3d at 1178. Of course, "treatment" costs are compensable under section 3663A(b)(2)(B), and when a third party has paid for treatment costs or incurred travel expense to get the victim to treatment, that third party may receive restitution. Id. Here, unlike in Wilcox, Wolf did not spend money on her trips to bring G.B.Y.C. to treatment or for any other compensable purpose; she paid expenses for her own travel to see G.B.Y.C. G.B.Y.C.'s costs of transportation and all treatment costs were paid by Medicaid. Sent. Hr'g at 4:03 p.m. (March 3, 2013). Now, it is entirely proper that Wolf often traveled to visit her son, and no doubt those visits were beneficial to her son and his ongoing recovery. However, those circumstances and considerations do not justify an award of restitution not authorized under the MVRA.

### C. *Amicus Curiae* Brief by NCVLRI

On May 12, 2014, NCVLRI filed a brief *amicus curiae* raising the issue of restitution for G.B.Y.C.'s lost income and future lost income. Doc. 52. The PSR stated that G.B.Y.C. was 18 years old at the time of Little Star's sentencing, had worked during the summers of his youth, had no employment history as an adult, and had relied on his mother and grandmother for his daily subsistence. PSR at ¶¶ 16, 51. Thus, G.B.Y.C. did not lose any income, for instance by missing work, as a result of the offense, so restitution to G.B.Y.C. for past income appears unwarranted.

The issue that remains therefore is restitution for G.B.Y.C.'s future lost income. The Government did not request restitution for G.B.Y.C.'s future lost income at the sentencing hearing. In the time since NCVLRI's brief was filed, the Government has not sought restitution for G.B.Y.C.'s future lost income. NCVLRI observes that the record contains no evidence of G.B.Y.C.'s lost income and that such an award would require that this Court *sua sponte* raise the issue, postpone restitution proceedings, order that the Government submit evidence of

G.B.Y.C.'s future lost income, and then provide Little Star opportunity to rebut. Doc. 52 at 5 n.4.

Lost future income may be compensated in a restitution order. Oslund, 453 F.3d at 1063. However, the MVRA's allowance for recovery for lost future income "does not mean that it is always proper for lost future income to be awarded" in a restitution order. Id. Restitution need not be awarded if the district court concludes that "determining complex issues of fact related to the cause or amount of the victim's losses would complicate or prolong the sentencing process to a degree that the need to provide restitution . . . is outweighed by the burden on the sentencing process." Id. (quoting 18 U.S.C. § 3663A(c)(3)(B)). In Oslund, the Eighth Circuit provided the following guidance on requests for awards of future lost income:

> If the amount of future income is contested by a defendant and the district court finds that determining the proper amount would be unduly burdensome and time-consuming, the court has the discretion to decline to award future income in the restitution order. Not every case will be overly burdensome though, such as cases where the amount is not in dispute or where it is easily determined. In those situations, the MVRA does not prevent the district court from using its abundant discretion in crafting restitution orders to include the lost future income of a victim.

Id.; see also United States v. Serawop, 505 F.3d 1112, 1124 (10th Cir. 2007) (upholding an award for lost future income, but stating that the district court "would also certainly have been on firm ground, noting the time and complexity of its subsequent proceedings, to have left such complex matters to a civil determination"). The United States Court of Appeals for the Tenth Circuit observed that although it is well within the district court's "abundant discretion" to authorize an award for lost future income, "it might often be the case that complexity or delay caused by these determinations should be deferred to a civil forum." Serawop, 505 F.3d at 1124 (citation omitted).

This Court declines to further postpone conclusion of the open restitution issue and to order the Government to present evidence of G.B.Y.C.'s lost future income. This Court has waited nearly five months in ruling on the open restitution issue. During that delay neither the Government nor the victim or his mother have sought such an award. In Oslund, the amount of lost future income sought was uncontested. 453 F.3d at 1063. Here, however, calculating the proper amount of restitution would be very complex, given that G.B.Y.C. did not have steady employment or income. This Court, having allowed ample time for evidence or argument for lost future income, now exercises its discretion not to address the issue and to defer the issue to a civil forum if G.B.Y.C. and Wolf choose to file a civil case against Little Star.

**IV. CONCLUSION**

For the reasons explained in this Opinion and Order, it is hereby

ORDERED that the Government's Request for Restitution for Wolf is denied.

Dated August 1st, 2014.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE